UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
COURT FILE NO.: CV - _____

| | |
|---|---|
| Lewis A.D. Smith, Jr.<br><br>    Plaintiff,<br>v.<br><br>NCO Financial Systems, Inc.,<br><br>NCO Financial Services, Inc.,<br><br>NCO Portfolio Management, Inc., and<br><br>John Does I-C, fictitious representations of individuals in their individual capacities and in their capacities as officers, directors, shareholders, founders, owners, agents, servants, employees, sales representatives, and/or independent contractors of NCO Group, Inc., NCO Financial Systems, Inc., NCO Financial Services, Inc., NCO Portfolio Management, Inc.<br><br>    Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

3. Venue is proper in this District because the acts and transactions originated here, Defendants reside here, and Defendants transact business here in Pennsylvania.

## **PARTIES**

4. Plaintiff Lewis A. D. Smith, Jr. (hereinafter "Smith") is a natural person who resides in the Borough of Weissport, County of Carbon, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, NCO Group, Inc. is a business entity with its headquarters located at 570 Prudential Road, Horsham, Pennsylvania 19044.

6. Defendant, NCO Financial Systems, Inc. is a business entity with its headquarters located at 570 Prudential Road, Horsham, Pennsylvania 19044.

7. Defendant, NCO Financial Services, Inc. is a business entity with its headquarters located at 6700 Century Ave, Suite 210, Mississauga, Ontario, Canada, Postal code L5N6A4.

8. NCO Portfolio Management, Inc. is a business entity with its headquarters located at 1804 Washington Boulevard, Suite 200, Baltimore, Maryland 21230.

9. Defendants, NCO Group, Inc., NCO Financial Systems, Inc., NCO Financial Services, Inc. and NCO Portfolio Management are collectively referred hereinafter as "Corporate Defendants."

10. At all times relevant to this Complaint, Corporate Defendants transacted business in the Eastern District of Pennsylvania and at other locations throughout the United States, operating as a collection agency and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

11. Upon information or belief, Defendants, each and everyone of them, and at all relevant times material and relevant hereto, used, controlled and operated

"automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

12. At all times material and relevant hereto, Defendants, and each and every one of them, are jointly, severally, individually, vicariously and/or equitably liable to Plaintiff.

13. Defendants, John Does I – C (One through one hundred) (hereinafter "Does") are believed to be employees, servants, or agents employed by or acting on behalf of Corporate Defendants, and are natural persons employed by Corporate Defendants as debt collectors and/or supervisors or managers of Debt Collectors at all time relevant to this Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff Lewis A. D. Smith, Jr. allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C § 1692a(5), namely, a credit card debt.

15. Smith has never owned or operated a business and any alleged unpaid financial obligation stems from an extension of credit for personal, family or household purposes.

16. Smith allegedly became delinquent on said account and unable to make his monthly payments due to circumstances beyond his control.

17. Upon information or belief, an obligation alleged to be owed by Smith was placed, sold or otherwise transferred to NCO for collection in or around late January or early February 2008.

18. Following placement of the alleged account, NCO began contacting Plaintiff at his cellular telephone number[1] in an attempt to collect the debt.

19. Plaintiff's cellular telephone number was repeatedly, incessantly, and continuously called by Defendants throughout January, February and March 2008.

20. Defendants placed upwards of twenty (20) calls to Plaintiff's cellular telephone.

21. Upon information or belief Defendants initiated the more than twenty (20) calls to Plaintiff's cellular telephone by utilizing "automatic telephone dialing systems."

22. Defendants routinely utilized artificial and/or prerecorded voice technology in its calls to Smith's cellular telephone stating, "This is an attempt to collect a debt and any information obtained will used for that purpose. Call me back today at 800-816-5572, once again the number is 800-816-5572. When calling please use reference number HO7923. Thank you goodbye"

23. Plaintiff has never provided Defendant with consent, express or implied, authorizing Defendant to contact his cellular telephone by "automatic telephone dialing systems."

24. To date, Defendants continue to make multiple and numerous telephone calls per day to Plaintiff's cellular telephone causing Plaintiff to incur out-of-pocket expenses and charges to his cellular telephone service plan.

---

[1] Plaintiff's cellular telephone number is not listed in this complaint for privacy reasons but is available to Defendants upon request.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to 15 U.S.C. §§ 1692 c(a)(1), 1692d, 1692d(5), 1692f, and 1692f(5) amongst others.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and are therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### COUNT II.

### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA) 47 U.S.C. § 227 et seq.

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendants knowingly, willingly and intentionally committed upon Plaintiff violations of the TCPA, 47 U.S.C. § 227,et seq. and 47 C.F.R 64.1200 et seq.

30. Defendants knowingly, willingly and intentionally placed calls using automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent of Plaintiff.

31. As a result of Defendants violations of the TCPA, Plaintiff is entitled to $1500 per call based upon Defendants' willful and knowing violations of the TCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §1692 et seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FDCPA;
- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

## (TCPA) 47 U.S.C. 227 et seq.

- $500 damages per call placed by Defendants in violation of the TCPA;

- Treble damages for willful and knowing violations of the TCPA; and

- for such other and further relief as may be just and proper.

## TRIAL BY JURY

32. Plaintiff is entitled to and hereby respectfully demand a trial by jury.  US Const. amend. 7.  Fed. R. Civ. Pro. 38.

Respectfully submitted,

Dated: February 8, 2008        **RAPA LAW OFFICE, P.C.**

By: _____s/Jason M. Rapa_____
Jason M. Rapa, Esquire
PA Attorney I.D. No. 89419
141 S. 1st Street
Lehighton, PA 18235
Telephone (610) 377-7730

Attorney for Plaintiff